

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. H-09-334 |
| | § | |
| V. | § | AFFIDAVIT IN SUPPORT OF |
| | § | REQUEST FOR EXTRADITION |
| CHERRY WONG | § | |
| aka Miao-qun Huang | § | |

## AFFIDAVIT IN SUPPORT OF
## REQUEST FOR EXTRADITION

I, Samuel J. Louis, being duly sworn, depose and state:

1.  I am a citizen of the United States and I reside in the State of Texas.

2.  I received a Bachelor of Business Administration Degree from Lamar University in December 1985. I received a Juris Doctor from Texas Southern University in May 1989. I was admitted to the Bar of the State of Texas on November 1989.

3.  From September 1992 to the present, I have been employed by the United States Department of Justice as an Assistant United States Attorney for the Southern District of Texas. During my practice as an Assistant United States Attorney, I have become knowledgeable about the criminal laws and procedures of the United States, particularly in the area of intellectual property rights violations and pharmaceutical fraud offenses under Title 18, United States Code, section 2320 and Title 21, United States Code, section 331.

4.  As an Assistant United States Attorney for the Southern District of Texas, I am responsible for the investigation and prosecution of persons charged with violating the criminal laws of the United States. I have participated in the investigation and trial of numerous cases

1

involving violations of the criminal laws of the United States. Based upon my training and experience, I am familiar with the criminal laws and procedures of this District and of the United States, as well as the extradition laws of the United States. In particular, I am familiar with provisions of the "Treaty Between the Government of the United States of America and The Government Of the Republic of the Philippines," which was signed in Washington, D.C. on November 13, 1994, and entered into full force and effect on November 22, 1996.

5.    In connection with my duties as an Assistant United States Attorney, I have been involved in the investigation and filing of charges in the criminal case titled UNITED STATES OF AMERICA v. CHERRY WONG, Criminal No. H-09-334, and I am familiar with the charges and the evidence connected with this matter.

6.    In connection with the request for the extradition of CHERRY WONG also known as Miao-qun Huang, Criminal No. H-09-334, the following documents are incorporated by reference to the affidavit:

Exhibit A      Federal Rule of Criminal Procedure 9(b)(1) which provides that a warrant shall be signed by the clerk of the court and must describe the offense charged in the indictment.

Exhibit B      Indictment styled United States v. CHERRY WONG also known as "Miao-qun Huang," Criminal case Number H-09-334.

Exhibit C      Arrest warrant issued in United States v. CHERRY WONG also known as "Miao-qun Haung, " Criminal case Number H-09-334.

Exhibit D      True and correct copies of the United States statutes involved in the case.

Exhibit E      Affidavit of Andrew Barber.

Exhibit F      Affidavit of Peter Michael Holman.

| | |
|---|---|
| Exhibit G | Affidavit of Edward Tarver. |
| Exhibit H | Affidavit of Robert Sherman. |
| Exhibit I | Copies of laboratory analysis by the United States Food and Drug Administration. |
| Exhibit J | Copies of analysis by trademark holders indicating drugs were counterfeit and packaging was counterfeit. |
| Exhibit K | Photograph of defendant CHERRY WONG also known as "Miao-qun Huang" taken by Thailand immigration authorities. |
| Exhibit L | Photograph of defendant CHERRY WONG also known as "Miao-qun Huang." |
| Exhibit M | Copy of passport information of defendant CHERRY WONG also known as "Miao-qun Huang" obtained at the time of her arrest. |
| Exhibit N | Affidavit of James Poon. |
| Exhibit O | Copy of analysis indicating jewelry and packaging were counterfeit. |
| Exhibit P | Documents supporting Count One. |
| Exhibit Q | Documents supporting Counts One, Two, Three and Eleven. |
| Exhibit R | Documents supporting Counts One, Four, Six and Twelve. |
| Exhibit S | Documents supporting Counts Five, Ten and Sixteen. |
| Exhibit T | Documents supporting Counts Eight and Fourteen. |
| Exhibit U | Documents supporting Counts Nine and Fifteen. |
| Exhibit V | Documents supporting Counts Thirteen. |
| Exhibit W | Affidavit of David Holmshaw |

7.     Under the laws of the United States, and in connection with this case, a federal grand jury, sitting in Houston in the Southern District of Texas, returned and filed an indictment charging CHERRY WONG with conspiracy to traffic in counterfeit, misbranded and adulterated

pharmaceutical drugs (Count 1) in violation of Title 18, United States Code, Section 371, four

(4) counts of introducing misbranded pharmaceutical drugs into interstate commerce (Counts 2-

5) in violation of Title 21, United States Code, Section 331(a), five (5) counts of introducing

adulterated pharmaceutical drugs into interstate commerce (Counts 6-10) in violation of Title 21,

United States Code, Section 331(a), and six (6) counts of trafficking in counterfeit goods in

violation of Title 18, United States Code, Section 2320(a).  An indictment is a formal accusation

or charging document issued by a grand jury, which is part of the judicial branch of the United

States Government.  A grand jury is a group of 16 to 23 citizens who review the evidence of

crimes presented to it by the United States law enforcement authorities.  Each member of the

grand jury must review independently the evidence presented and determine if there is probable

cause to believe that a crime has been committed and that the particular defendant or defendants

committed the crime.  After at least twelve (12) grand jurors affirmatively vote that the defendant

probably committed the crime or crimes , the grand jury may return an indictment charging the

defendant with a crime.  After the grand jury returns an indictment, a warrant for the defendant's

arrest is issued at the discretion of a United States District Court Judge or Magistrate Judge.

On June 18, 2009, Larry Filmore, the Deputy Clerk of the Court for the United States

District Court of Southern District of Texas, acting under the authority of the Honorable United

States Magistrate Judge Frances H. Stacy, issued a warrant for the arrest of CHERRY WONG,

aka Miao-qun Huang for the offenses charged in the indictment, Cause Number H-09-334.

Federal Rule of Criminal Procedure 9(b)(1) provides that a warrant based upon an indictment

shall be signed by the clerk.  See Exhibit A.  Therefore, Deputy Clerk Filmore had authority to

issue the warrant for the arrest of CHERRY WONG.  It is the practice in the United States.

District Court for the Southern District of Texas for the Clerk of Courts to retain the originals of all complaints, indictments, and warrants of arrest and to file them with the records of the Court. Therefore, I have obtained true and accurate copies of the indictment and arrest warrant in United States v. CHERRY WONG also known as "Miao-qun Huang", Criminal Case Number H-09-334, from the Clerk of Courts and have attached them to this affidavit as Exhibits B and C respectively.

8. The specific violations charged in the indictment and set out in the warrant of arrest are as follows:

a.    Count I charges that beginning on or about October, 2005 and continuing to on or about June 17, 2009, in the Southern District of Texas and elsewhere, the defendant CHERRY WONG aka "Miao-qun Huang", and other co-conspirators unknown to the grand jury, did unlawfully, intentionally, and knowingly combine, conspire, confederate and agree together, to: a) To traffic and attempt to traffic in counterfeit goods in violation of Title 18, United States Code, Section 2320(a); and  b) To violate the Food Drug and Cosmetic Act, namely, with the intent to defraud and mislead, cause the introduction and delivery for introduction of prescription drugs into interstate commerce that are adulterated and misbranded, in violation of Title 21, United States Code, Section 331(a) and 333(a)(2). The maximum sentence which can be imposed upon conviction is ten years imprisonment.

b.    Count II charges that on or about October 17, 2005, in the Southern District of Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were misbranded, namely a shipment containing loose Viagra pills that had the shape, color

and name "Pfizer" which falsely represented that they were the genuine Viagra pharmaceutical drug, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2). The maximum sentence which can be imposed upon conviction is three years imprisonment.

c. Count III charges that on or about October 17, 2005, in the Southern District of Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were misbranded, namely a shipment containing loose Cialis pills that had the shape, color and designation "C20" which falsely represented that they were the genuine Cialis pharmaceutical drug, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2). The maximum sentence which can be imposed upon conviction is three years imprisonment.

d. Count IV charges that on or about April 10, 2006, in the Southern District of Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were misbranded, namely a shipment containing loose Viagra pills that had the shape, color and name "Pfizer" which falsely represented that they were the genuine Viagra pharmaceutical drug, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2). The maximum sentence which can be imposed upon conviction is three years imprisonment.

e. Count V charges that on or about May 21, 2009, in the Southern District of Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were misbranded, namely a shipment containing loose Cialis pills that had the shape, color

6

and designation "C20" which falsely represented that they were the genuine Cialis

pharmaceutical drug, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

The maximum sentence which can be imposed upon conviction is three years imprisonment.

      f.   Count VI charges that on or about April 10, 2006, in the Southern District of Texas,

the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and mislead,

caused the introduction and delivery for introduction into foreign and interstate commerce drugs

that were adulterated, namely a shipment containing loose Viagra pills that had the shape, color

and name "Pfizer" which falsely represented that the pills contained the strength, quality and

purity as the genuine Viagra pharmaceutical drug, in violation of Title 21, United States Code,

Sections 331(a) and 333(a)(2). The maximum sentence which can be imposed upon conviction is

three years imprisonment.

      g.   Count VII charges that on or about March 10, 2006, in the Southern District of

Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and

mislead, caused the introduction and delivery for introduction into foreign and interstate

commerce drugs that were adulterated, namely a shipment containing loose Cialis pills that had

the shape, color and designation "C20" which falsely represented that the pills contained the

strength, quality and purity as the genuine Cialis pharmaceutical drug, in violation of Title 21,

United States Code, Sections 331(a) and 333(a)(2). The maximum sentence which can be

imposed upon conviction is three years imprisonment.

      h.   Count VIII charges that on or about May 5, 2008, in the Southern District of Texas,

the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and mislead,

caused the introduction and delivery for introduction into foreign and interstate commerce drugs

that were adulterated, namely a shipment containing loose Cialis pills that had the shape, color

and designation "C20" which falsely represented that the pills contained the strength, quality and

purity as the genuine Cialis pharmaceutical drug, in violation of Title 21, United States Code,

Sections 331(a) and 333(a)(2). The maximum sentence which can be imposed upon conviction

is three years imprisonment.

I.   Count IX charges that on or about October 21, 2008, in the Southern District of

Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and

mislead, caused the introduction and delivery for introduction into foreign and interstate

commerce drugs that were adulterated, namely a shipment containing loose Viagra pills that had

the shape, color and name "Pfizer" which falsely represented that the pills contained the strength,

quality and purity as the genuine Viagra pharmaceutical drug, in violation of Title 21, United

States Code, Sections 331(a) and 333(a)(2). The maximum sentence which can be imposed

upon conviction is three years imprisonment.

j.   Count X charges that on or about May 21, 2009, in the Southern District of Texas,

the defendant, CHERRY WONG aka "Miao-qun Huang", with the intent to defraud and mislead,

caused the introduction and delivery for introduction into foreign and interstate commerce drugs

that were adulterated, namely a shipment containing loose Cialis pills that had the shape, color

and designation "C20" which falsely represented that the pills contained the strength, quality and

purity as the genuine Cialis pharmaceutical drug, in violation of Title 21, United States Code,

Sections 331(a) and 333(a)(2). The maximum sentence which can be imposed upon conviction

is three years imprisonment.

k.   Count XI charges that on or about October 17, 2005, in the Southern District of

Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Cialis trademark used to identify a pharmaceutical product marketed by Eli Lilly, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark, in violation of Title 18, United States Code, Sections 2320(a) and 2. The maximum sentence which can be imposed upon conviction is ten years imprisonment.

l.    Count XII charges that on or about April 10, 2006, in the Southern District of Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Viagra trademark used to identify a pharmaceutical product marketed by Pfizer Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark, in violation of Title 18, United States Code, Sections 2320(a) and 2. The maximum sentence which can be imposed upon conviction is ten years imprisonment.

m.    Count XIII charges that on or about May 5, 2008, in the Southern District of Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", aided and abetted by others unknown

to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Tiffany and Company trademark used to identify a pharmaceutical product marketed by Tiffany and Company, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark, in violation of Title 18, United States Code, Sections 2320(a) and 2. The maximum sentence which can be imposed upon conviction is ten years imprisonment.

n. Count XIV charges that on or about May 5, 2008, in the Southern District of Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Viagra trademark used to identify a pharmaceutical product marketed by Pfizer Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark, in violation of Title 18, United States Code, Sections 2320(a) and 2. The maximum sentence which can be imposed upon conviction is ten years imprisonment.

o. Count XV charges that on or about October 21, 2008, in the Southern District of Texas, the defendant, CHERRY WONG aka "Miao-qun Huang", aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely,

pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such

goods, that is, the Viagra trademark used to identify a pharmaceutical product marketed by Pfizer

Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable

from the genuine mark in use and registered for that good on the principal register in the United

States Patent and Trademark Office, and the use of which mark was likely to cause confusion,

mistake and deception regarding said mark, in violation of Title 18, United States Code, Sections

2320(a) and 2. The maximum sentence which can be imposed upon conviction is ten years

imprisonment.

        p.    Count XI charges that on or about May 21, 2009, in the Southern District of Texas,

the defendant, CHERRY WONG aka "Miao-qun Huang", aided and abetted by others unknown

to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical

drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the

Cialis trademark used to identify a pharmaceutical product marketed by Eli Lilly, which

counterfeit mark was identical with and substantially indistinguishable from the genuine mark in

use and registered for that good on the principal register in the United States Patent and

Trademark Office, and the use of which mark was likely to cause confusion, mistake and

deception regarding said mark, in violation of Title 18, United States Code, Sections 2320(a) and

2. The maximum sentence which can be imposed upon conviction is ten years imprisonment.

        9.    The statutes cited in the indictment, and those that form the basis for the United

States' request for extradition, are Title 18, United States Code, Sections 2, 371 and 2320(a); and

Title 21, United States Code, Section 331(a) and 333(a). A violation of these statutes is a felony

under the United States law and carries a penalty in excess of one year incarceration. Each of

these statutes was duly enacted law of the United States at the time that the indictment was filed, and remains in full force and effect. True and accurate copies of the statutes involved in this case as they appear in the United States Code are attached as Exhibit D.

10. To establish the offense of Conspiracy to misbrand, adulterate pharmaceutical drugs and traffic in counterfeit goods, a violation of Title 18, United States Code, Sections 371, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant and at least one other person made an agreement to commit one or more of the crimes charged in the indictment;

Second, the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third, one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

To establish the offense of introducing misbranded drugs into interstate commerce, a violation of Title 21, United States Code, Section 331(a), the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant caused the introduction or delivery for introduction into interstate commerce of a drug;

Second, that the drug was misbranded; and

Third, the defendant did so with the intent to defraud and mislead.

Pursuant to Title 21 United States Code, Section 352, a drug is deemed to be misbranded if its labeling is false or misleading in any particular.

To establish the offense of introducing adulterated drugs into interstate commerce, a violation of Title 21, United States Code, Section 331(a), the government must prove each of the

12

following elements beyond a reasonable doubt:

First, that the defendant caused the introduction or delivery for introduction into interstate commerce of a drug;

Second, that the drug was adulterated; and

Third, the defendant did so with the intent to defraud and mislead.

Pursuant to Title 21 United States Code, Section 351, a drug is deemed to be adulterated if its strength quality and purity is different from the official compendium for the drug.

To establish the offense of trafficking in counterfeit goods, a violation of Title 18, United States Code, Section 2320(a), the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant trafficked or attempted to traffic in goods or services;

Second, that such trafficking or the attempt to traffic, was intentional;

Third, the defendant used a counterfeit mark on or in connection with such goods or services; and

Fourth, the defendant knew such mark was counterfeit.

A defendant may be found guilty of trafficking in counterfeit goods, even if the defendant personally did not commit the act or acts constituting the crime but caused or aided and abetted in its commission. To prove a defendant guilty of Aiding and Abetting, a violation of Title 18, United States Code, Section 2, the government must prove each of the following elements beyond a reasonable doubt:

First, the crime of trafficking in counterfeit goods was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, procured or caused that person to commit the unlawful importation; and

Third, the defendant acted before the crime was completed.

11.    Also included as part of Exhibit D is a true and accurate copy of Title 18, United States Code, Section 3282, the statute of limitations applicable to the prosecution of the offenses which states:

> Except as otherwise expressly provided by law, no
> person shall be prosecuted, tried, or punished for an
> offense, not capital, unless the indictment is found
> or the information is instituted within five years next
> after such offense shall have been committed.

Because the applicable statute of limitations is five years, the Indictment dated June 17, 2009, which charges criminal violations beginning on or about October, 2005 and continuing to June 17, 2009, was filed within the prescribed time.

12.    The following is a brief summary of the facts and circumstances that led to the Indictment that the Grand Jury in the Southern District of Texas returned against defendant CHERRY WONG.

## SUMMARY OF THE EVIDENCE

13.    The indictment charges CHERRY WONG also known as Miao-qun Huang with conspiracy, the adulteration and misbranding of pharmaceutical drugs and trafficking in counterfeit goods. Beginning in at least 2005, WONG began using the internet to advertise the sale of Viagra and Cialis pharmaceutical products at a price substantially below the standard retail price. Individuals associated with Pfizer Pharmaceuticals ("Pfizer"), the manufacturer of Viagra, contacted Wong over the internet and placed orders for various pharmaceutical products including Viagra. After receiving a shipment containing Viagra from Wong, laboratory analysis conducted by Pfizer indicated the pills were counterfeit. Officials with Pfizer contacted Special

Agents with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") assigned to the Houston, Texas field office and provided information regarding the activities of Wong. Agents were advised that Wong was using several email addresses and distributing counterfeit pharmaceuticals. At the direction of the investigator, WONG sent a shipment of pharmaceutical drugs to an address utilized by ICE agents. Information regarding these events are detailed in the Affidavit of Andrew Barber and attached as Exhibit E.

14. In 2006, ICE agents received a shipment containing Viagra and Cialis pharmaceutical drugs that were sent from Wong to an address in Houston, Texas. Laboratory analysis of the pills by the Food and Drug Administration("FDA"), Forensic Chemistry Center ("FCC") revealed that the pills were counterfeit. Laboratory analysis of the pills and the packaging by Pfizer and Eli Lilly ("Lilly), the manufacturer of Cialis, indicated that the pills and packaging were counterfeit.

15. In 2007, an investigator with Lilly began communicating with WONG regarding the purchase of pharmaceuticals being sold and distributed by WONG. During the period of January 2007 and continuing through September 2007, the investigator placed orders and received numerous shipments of counterfeit Viagra and Cialis pharmaceutical products from WONG. Laboratory analysis of these drugs indicated they were counterfeit. In connection with Lilly's investigation of WONG regarding the distribution of counterfeit drugs, an investigator with Lilly traveled to Bangkok, Thailand in October, 2007 and met with a female who identified herself as WONG. During the meeting, WONG confirmed that she was the person who had sent Viagra and Cialis pharmaceutical drugs to the investigator. WONG also confirmed that her email addresses were cialispharma@hotmail.com and arashcat@hotmail.com. This investigator has reviewed arrest photos taken of WONG at the time of her arrest and identified her as the same

person he met in Bangkok, Thailand. Information regarding these events are detailed in the Affidavit of Peter Holman, an investigator with Lilly, and attached as Exhibit F.

16. After receiving information from individuals employed by Pfizer and Lilly and receiving shipments containing counterfeit pharmaceuticals, Special Agents with ICE began communicating with WONG over the internet and by telephone. Beginning in April 2008, ICE agents contacted WONG at email address arashcat@hotmail.com and placed several orders for pharmaceutical drugs. During the period of May 2008 and continuing through May 2009, ICE agents received numerous shipments containing Viagra and Cialis pharmaceutical products and communicated regularly by email with WONG. The shipments were received on May 5, 2008, October 21, 2008 and May 21, 2009. Laboratory analysis of these pills by FDA FCC indicated they were counterfeit. Laboratory analysis of the packaging by the trademark holders Pfizer and Lilly indicated the packaging was counterfeit. The laboratory reports prepared by FDA FCC are attached as Exhibit I. The laboratory reports prepared by trademark holders Pfizer and Lilly are attached as Exhibit J. The information regarding the investigation by Special Agents with Immigration and Customs Enforcement are detailed in the Affidavit of Edward Tarver attached as Exhibit G and Robert Sherman attached as Exhibit H. In addition to counterfeit pharmaceuticals, agents also received counterfeit Tiffany and Company jewelry. An affidavit by James Poon regarding the identification of Wong is attached as Exhibit N. The laboratory reports by Tiffany and Company are attached as Exhibit O. Additional exhibits in support of the indictment in this case are attached in Exhibits P through V.

## IDENTITY INFORMATION

17. On September 16, 2009, the Philippine National Bureau of Investigation arrested an individual who identified herself to law enforcement agents as CHERRY WONG, in Manila, Philippines, pursuant to a provisional arrest warrant. The additional facts establishing that the individual arrested is the defendant CHERRY WONG, are set forth in the accompanying affidavit of ICE Agent Robert Sherman. In addition, photographs of WONG taken by Thailand authorities in 2007 is attached as Exhibit K. Several photographs of WONG taken at the time of her arrest are included and attached as Exhibit L.

## CONCLUSION

18. Based on the foregoing, the United States of America respectfully requests that CHERRY WONG aka Miao-qun Huang, be extradited to the United States of America, Southern District of Texas, for prosecution of the above offenses.

SAMUEL J. LOUIS
Assistant United States Attorney

Signed and sworn to before me this _____ day of November, 2009 at Houston, Texas.

MARY MILLOY
United States Magistrate Judge
Southern District of Texas

17